IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENRICK CADLE,)
)
Plaintiff,)
)
v.) Case No. 15 C 4725
)
CITY OF CHICAGO, CHICAGO) Magistrate Judge
POLICE OFFICERS MICHAEL) Jeffrey T. Gilbert
MARGOLIS and FRANK MARINO,)
and AS-YET UNKNOWN CITY OF)
OF CHICAGO POLICE OFFICERS,)
)
Defendants.)

**MEMORANDUM OPINION AND ORDER**

This lawsuit arises out of an encounter between Plaintiff Kendrick Cadle and two Chicago Police officers on June 3, 2014. Plaintiff asserts federal and state law claims against Defendant Officers Michael Margolis and Frank Marino for allegedly breaking his ribs, fracturing his collar bone and puncturing his lung during a traffic stop. Plaintiff asserts claims under 42 U.S.C. § 1983 against the Defendant Officers for detaining and arresting him without probable cause, retaliating against him and falsely accusing him of traffic and criminal violations allegedly to cover-up their misconduct. Plaintiff also asserts claims against Defendants Margolis and Marino as well as other unidentified police officers for failing to provide him with timely medical care. Plaintiff asserts a *Monell* claim against Defendant City of Chicago challenging the City's alleged practice of failing to discipline, monitor, supervise and retrain officers who use excessive force against individuals.[1]

---

[1] In *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978), the United States Supreme Court held that while a local government body cannot be subject to vicarious liability under Section 1983, direct liability may be established against a unit of local government under Section 1983

This matter is before the Court on Defendant City of Chicago's Motion to Bifurcate and Stay Discovery on Plaintiff's *Monell* Claim [ECF No. 21]. For the reasons discussed below, Defendant City of Chicago's Motion is denied.

## I. LEGAL STANDARD

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a district court has the discretion to decide particular claims or issues in separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . . " FED.R.CIV.P. 42(b). A district court has "considerable discretion" to decide whether to bifurcate claims. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). A review of recent case law reveals that motions to bifurcate *Monell* claims are commonplace in Section 1983 cases and that there is a growing body of precedent in this district for both granting and denying bifurcations in Section 1983 cases. *See e.g., Allison Gallagher*, 2012 WL 4760863, at *1 (N.D. Ill. Oct. 5, 2012); *Ojeda-Beltran v. Lucio*, 2008 WL 2782815, at * 1 (N.D. Ill. July 16, 2008); *Elrod v. City of Chicago,* 2007 WL 3241352, at *2 (N.D. Ill. Nov. 1, 2007). "[T]he decision to grant or deny bifurcation is a heavily fact-intensive analysis, dependent upon costs and benefits of bifurcation under the unique circumstances of each case." *Awalt v. Marketti*, 2012 WL 11615000, at *10 (N.D. Ill. April 9, 2012).

## II. ANALYSIS

In this case, the City argues that bifurcation of the *Monell* claim and a stay of *Monell* discovery best serve the Rule 42 interests of convenience, economy, expedition and avoidance of undue prejudice. Defendant's Motion [ECF No. 21], at 3. Specifically, the City argues that bifurcation (1) best serves the interest of litigation and judicial economy, (2) eliminates the risk

---

when "execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." 436 U.S. at 694.

2

of unfair prejudice against the parties, and (3) does not prejudice Plaintiff's potential recovery of any compensatory damages. The City also would agree to entry of judgment against it if Plaintiff were to prevail on his claims against the individual Defendants. The Court will address each argument in turn.

**A. Efficiency and Economy**

The City first argues that bifurcating the *Monell* claim and staying *Monell* discovery serves the interest of judicial economy because it minimizes the burden of litigation and the complexity of the case. Defendant's Motion [ECF No. 21], at 4-7. In response, Plaintiff states that the City exaggerates the burden of *Monell* discovery in this case and that bifurcation actually would unnecessarily lengthen and complicate both the discovery in this case as well as the trial. On balance, the Court agrees with Plaintiff and is not persuaded by the City's arguments on these points.

The City clearly is correct, and it cannot be disputed, that *Monell* discovery in this case will not overlap perfectly with discovery of the individual claims. That fact alone, however, is not sufficient to mandate bifurcation. *See Cadiz v. Kruger*, 2007 WL 4293976, at *3 (N.D. Ill. Nov. 29, 2007). However, the City's statements that Plaintiff's *Monell* claim will require "colossal" fact discovery and "titanic amount of documentation" are not supported by the facts. *See* Defendant's Motion [ECF No. 21], at 5; Defendant's Reply [ECF No. 35], at 3. Hyperbolic words used to characterize an unspecified burden are not enough. This "sort of non-specific assertion of burden routinely is rejected as a basis to deny or limit discovery under Federal Rule of Civil Procedure 26(b)(2)(C)(iii)." *Cadiz*, 2007 WL 4293976, at *3 (citing *In re Air Crash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997)). "Such a

vague assertion fares no better when a party resorts to it in support of bifurcating a *Monell* claim." *Id.*

Based on Plaintiff's representations, the proposed *Monell* discovery that Plaintiff seeks in this case is not particularly burdensome. Plaintiff's additional discovery focuses on (1) certain policies and procedures of the Chicago Police Department, (2) samples of IPRA reports during a limited time period, (3) documents relating to the City's "remedial efforts and policy changes pertaining to oversight of excessive force incidents," and (4) deposition testimony from two individuals, including, a Rule 30(b)(6) deposition limited in scope to the City's policies and practices regarding oversight of police officers' use of force against Chicago residents and a deposition of "the City's designated policymaker on that topic." Plaintiff's Response in Opposition to Defendant's Motion [ECF No. 33], at 5. The City is very familiar with this type of discovery, and the Court has no doubt that the City has produced similar information in other cases. The incremental burden of doing so again here does not militate heavily in favor of bifurcation.

The Court recognizes that allowing the *Monell* discovery to proceed necessarily will increase the scope and cost of discovery. Based on Plaintiff's representations, however, the Court's concern about burden and scope is minimized. *See Allison*, 2012 WL 4760863, at *3 (denying a motion to bifurcate "on the basis of Plaintiff's representations regarding the anticipated scope of *Monell* discovery"). Moreover, a stay of *Monell* discovery does not necessarily eliminate discovery disputes; it just changes the nature of the disputes. A stay of *Monell* discovery could, and often does, give rise to arguments about whether Plaintiff's discovery requests relate to his *Monell* claim or to his other claims.

To the extent that Plaintiff's *Monell* discovery requests are overly broad or would impose an undue burden or expense, the Court can deal with that in the normal course of resolving any discovery disputes and tailor Plaintiff's requests for information as appropriate and if necessary. The Court believes this process is better suited to promote judicial economy than staying completely all *Monell* discovery at this time.

Finally, the City's contention that bifurcation and a stay of *Monell* discovery would somehow save resources is not necessarily accurate. An adverse resolution of a plaintiff's individual claims does not necessarily dispose of a plaintiff's *Monell* claim. *Thomas v. Cook County Sheriff's Department*, 604 F.3d 293 (7th Cir. 2010). In *Thomas*, the Seventh Circuit made clear that a municipality could be held liable under *Monell* absent a finding of liability against individual municipal employees so long as the two verdicts are not "inconsistent." 604 F.3d at 305. A stay of *Monell* discovery pre-supposes that the *Monell* claim never will be tried, and that is not necessarily an appropriate assumption.

The only reason a stay makes sense from an efficiency and economy point of view is if the *Monell* claim never proceeds through discovery and trial. If the *Monell* claim will be tried, then a stay of discovery and bifurcation of the *Monell* claim now is inefficient because it requires discovery to be conducted seriatim rather than at the same time. Such a stay would impose a very real delay on the ultimate adjudication of all of Plaintiff's claims. The Court is unwilling to assume at such an early stage of this case that Plaintiff will abandon his *Monell* claim particularly in the face of the detailed *Monell*-related allegations in Plaintiff's Complaint [ECF No. 18] at ¶¶ 43-65.

For all of these reasons, the Court concludes that the benefits of deferring, and only potentially avoiding, the additional scope and increased cost of *Monell* discovery in this case are

5

not sufficient to outweigh the costs, burden, and inefficiencies that would be incurred through bifurcation of the *Monell* claim and a stay of discovery on that claim.

**B. Prejudice**

The City argues that bifurcation would protect all parties from unfair prejudice. *See* Defendant's Motion [ECF No. 21], at 7-9. The City claims that a single trial with claims against the individual Defendant Officers and the City tried together will "severely prejudice" all Defendants. The City argues that the introduction of evidence relating to Plaintiff's *Monell* claim creates substantial risk of prejudice for the individual Defendant Officers and undermines their ability to receive a fair trial. The individual Defendant Officers, however, have not joined in the City's Motion to Bifurcate nor have they asserted that they will suffer any prejudice in a single trial. Nevertheless, the Court recognizes that it will be important to monitor any potential prejudice to the individual Defendant Officers as the individual liability claims and the *Monell* claim proceed simultaneously.

At this time, however, concerns about potential for prejudice *at trial* are premature. Furthermore, as several courts in this district have noted, judges often address and can mitigate potential prejudice that might arise from a unitary trial involving multiple defendants and multiple claims through the use of limiting instructions, motions in limine and the Federal Rules of Evidence. *See, e.g. See Giles v. City of Chicago*, 2013 WL 6512683, at *2 (N.D. Ill. Dec. 6, 2013); *Elrod*, 2007 WL 3241352, at *7; *Medina v. City of Chicago*, 100 F. Supp. 3d 893, 897 (N.D. Ill. June 16, 2000). There is no reason to believe that judicious use of these tools in this case will be inadequate to address issues of potential prejudice that might arise at trial. If that is not possible, then the Court can revisit the matter of bifurcation at that time. Accordingly, the Court finds the City's argument concerning prejudice unpersuasive at this time.

The Court also is not persuaded by the City's argument that Plaintiff will be prejudiced if the case is not bifurcated. It is Plaintiff's choice to determine what claims he wishes to pursue against which Defendants. Plaintiff alleges that the Defendant Officers caused him serious injuries and then covered up their misconduct. Plaintiff also alleges that the Defendant Officers acted as they did, in part, because they believed they would not face discipline for their actions since the City, as alleged in Plaintiff's Complaint, has a practice of failing to discipline, monitor, supervise and retrain officers who use excessive force against individuals. Complaint [ECF No. 18], at ¶¶ 43-65. This is the case that Plaintiff wants to argue to a jury, and the Court agrees that Plaintiff should be permitted to discover his entire case at this time and have the opportunity to present it to a jury in a single trial and not piecemeal.

## C. Impact of Bifurcation on Plaintiff's Recovery of Compensatory Damages

The City also argues that bifurcation will not prejudice Plaintiff's potential recovery of any compensatory damages. *See* Defendant's Motion [ECF No. 21], at 10. The Court recognizes that even if Plaintiff will not obtain significant additional monetary benefit from succeeding on his *Monell* claim, there still are non-monetary benefits to Plaintiff from succeeding on the *Monell* claim in terms of the potential for policy change and deterrence. A civil plaintiff legitimately can sue to obtain such relief, and such relief provides non-monetary benefits not only to Plaintiff but society generally. Allowing Plaintiff to proceed on all of his theories allows a jury to see the entire picture of what Plaintiff claims Defendants did that violated the law and caused him injury in this case. That is not insignificant, particularly when measured against the unconvincing reasons the City offers in this particular case for bifurcation.

### D. The City's Proposed Limited Consent to Entry of Judgment

Finally, the City represents that if Plaintiff were to prevail on his clams against the individuals Defendant Officers, it will agree to a limited entry of judgment against it. *See* Defendant's Motion [ECF No. 21], at10-11. The City's concession that it would give a limited consent to entry of judgment, however, likely gives Plaintiff nothing he otherwise would not get in a case like this and unfairly deprives Plaintiff of the important non-monetary interests he seeks to advance by proceeding against the City. *See Giles*, 2013 WL 6512683, at *3 n.1 (rejecting the City's proposed certification as an impermissible "attempt[] to circumvent the public policy goals of *Monell* claims by insulating the City of litigating and accepting responsibility if their practices and policies result in constitutional injuries").

The Court agrees with Plaintiff's argument that, with the instant Motion, the City essentially is trying to take away his choice of theories and how to proceed with his claims. Courts do not routinely bifurcate claims in other civil cases on the assumption that certain of the Plaintiff's claims are less valuable or important than others. For example, it is difficult to imagine a scenario in which a court takes away a corporate litigant's claim or theory, at an early stage in the proceedings, because the judge thinks the plaintiff can obtain sufficient relief with its other theories or claims and it is possible that all claims will not be tried at the same time. Why should a court do so when a civil rights plaintiff sues police officers and the City, particularly when the City's efficiency, economy and prejudice arguments do not pass muster at this juncture? Based on the facts of this case and the arguments presented by the parties, the Court is not persuaded that a stay of discovery on Plaintiff's *Monell* claim, or bifurcation of that claim for trial, is appropriate at this time.

## III. CONCLUSION

For all of the reasons discussed herein, Defendant City of Chicago's Motion to Bifurcate and Stay Discovery on Plaintiff's *Monell* Claim [ECF No. 21] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: November 2, 2015